```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

THOMAS GESUALDI, et al.,

                Plaintiffs,

    -against-

MACK EXCAVATION & TRAILER SERVICE,
INC.,

                Defendant.

**MEMORANDUM AND ORDER**

09-CV-2502 (KAM)(JO)

```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        Plaintiffs Thomas Gesauldi and Frank Finkel ("plaintiffs"), as trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds ("Funds"), brought this action seeking damages and injunctive relief based on the alleged failure of defendant Mack Excavation & Trailer Service, Inc. ("defendant") to make required contributions to the Funds pursuant to collective bargaining and trust agreements between the parties. Presently before the court are plaintiffs' objections to portions of the Report and Recommendation issued by Magistrate Judge James Orenstein on February 12, 2010, which recommends that the court find the defendant liable on the first two causes of action and award plaintiffs $6,571.83 in total damages, including interest, attorney's fees and costs. (Doc. No. 7, Report and Recommendation at 1; Doc. No. 9, Plaintiffs' Objections to Report and Recommendation of Magistrate Judge James

Orenstein, filed March 4, 2010 ("Objections").) The Report and Recommendation also recommends denying plaintiffs' request for injunctive relief and dismissing plaintiffs' remaining claims. (Report and Recommendation at 1.) The plaintiffs timely filed objections to the portions of the Report and Recommendation regarding plaintiffs' failure to file appropriate motion papers, calculation of interest, attorney's fees, and costs. (*See generally* Objections.) After reviewing the objections *de novo*, the court denies the plaintiffs' objections regarding the failure to file appropriate motion papers, the calculation of interest, the number of hours expended by its attorneys, and the disallowance of certain costs, but finds an hourly rate of $275.00 to be reasonable for plaintiffs' attorney, Avram Schreiber. Accordingly, the court respectfully adopts the Report and Recommendation in part and modifies it in part.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189

(S.D.N.Y. 1985). To the extent that a party makes specific objections to a magistrate's findings, the court must make a *de novo* determination. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## DISCUSSION

Plaintiffs' specific objections are limited to the portions of the Report and Recommendation that: 1) discuss, in a footnote, the plaintiffs' failure to file appropriate motion papers, as required by Federal Rule of Civil Procedure 7 and Local Civil Rule 7.1(a); 2) calculate the interest awarded; 3) reduce the hourly rate charged on behalf of plaintiffs' attorney, Avram Schreiber ("Mr. Schreiber"); 4) reduce the number of hours expended by plaintiffs' attorneys; and 5) disallow costs for the process server, postage and copies.[1] (*See generally* Objections at 1-4.)

The Report and Recommendation concludes that the court should award plaintiffs $6,571.83 on their first two causes of action.[2] (Report and Recommendation at 1.) This award consists

---

[1] The plaintiffs have not objected to the portions of the Report and Recommendation denying the plaintiffs' requests for judgment on the remaining causes of action and for an injunction. As the court finds no clear error as to the portions of the Report and Recommendation that are not the subject of specific objections by plaintiffs, those portions are adopted in full as the opinion of this court. *Urena*, 160 F. Supp. 2d at 609-10.

[2] It should be noted that, contrary to plaintiffs' statement, this court did not grant default as to liability and refer the issue of damages to Magistrate Judge Orenstein. (Objections at 1.) To the contrary, the Clerk of the Court noted default.

of: 1) $3,394.60 in interest; 2) $4,649.04 in additional damages; 3) $2,433.00 in attorney's fees; and 4) $350.00 in costs. (*Id.*) The Report and Recommendation then subtracts $4,254.81 that the defendant has already paid in excess of the contributions it owed. (*Id.*)

A. **Failure to File Appropriate Motion Papers**

Plaintiffs object to the statement in footnote 1 of the Report and Recommendation that they violated federal civil and local civil rules by failing to file both a notice of motion specifying the precise relief sought and a memorandum of law in connection with their default motion. (Objections at 1-2.) Plaintiffs attempt to justify the omission by stating that, over twenty years ago, an unnamed "Judgment Clerk" instructed Mr. Schreiber that the proper format of submissions for requests for entry of default judgments did not include such filings. (*Id.* at 2.) As the Report and Recommendation aptly indicates, violations of these court rules can lead to denial of relief. (Report and Recommendation at 3-4 n.1.) Accordingly, plaintiffs' attorneys are cautioned to independently research and comply with the federal and local rules, rather than rely on 20 year old advice from a "Judgment Clerk" to avoid such a dire consequence for their clients in the future.

---

(Doc. No. 4.) The issue of liability and damages were both referred to Magistrate Judge Orenstein. (10/02/09 Order.)

**B. Interest on Late-Paid Contributions**

Plaintiffs assert that the Report and Recommendation incorrectly calculated the interest on the late-paid contributions on a monthly basis, as opposed to a daily basis. (Objections at 2.) However, the Report and Recommendation followed the interest calculation method outlined in the Restated Agreement and Declaration of Trust ("Trust Agreement"). As the Report and Recommendation notes, the October 28, 2003 amendment to the Trust Agreement, which plaintiffs attach as Exhibit D to its Request to Enter Default, specifies that the applicable rate of interest is "1½ % per month" applied "from the first day of the month when the payment is due to the date when payment was made." (Doc. No. 3, Aff. ¶ 16 & Ex. D; *see also* Report and Recommendation at 9.) This amendment was effective as of October 28, 2003. (Doc. No. 3, Ex. D.) Thus, the Report and Recommendation correctly calculated the interest on the late-paid contributions on a monthly basis, as opposed to a daily basis "from the first day of the month when the payment is due." *See LaBarbera v. Almar Plumbing & Heating Corp.*, No. 07-CV-4697 (DLI)(JMA), 2008 WL 3887601, at * 4 n.5 (E.D.N.Y. Aug. 20, 2008) (noting that plaintiffs' 0.05% per diem interest rate overstated the interest rate specified by identical amendment to Trust Agreement requiring the interest rate on delinquent contributions to be 1½ % per month).

**C. Reduction of Attorney's Fees**

**1. Reduction of Hourly Rates**

Plaintiffs next object to the recommended downward adjustment of the hourly fee rate of plaintiffs' attorney, partner Mr. Schreiber, from $300 per hour to $200 per hour, citing to Mr. Schreiber's 40-year pedigree.[3] (Objections at 2-3.) While acknowledging that in recent ERISA default judgment cases, the court has awarded Mr. Schreiber an hourly rate of $275 based on his experience and ERISA expertise, Magistrate Judge Orenstein points out that a paying client could obtain the same services Mr. Schreiber provided at an hourly rate of no more than $200 per hour. (Report and Recommendation at 13.)

In determining a reasonable attorney's fee, the "most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court has "considerable discretion" to set a reasonable hourly rate. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Ultimately, the district court should be guided by what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to

---

[3] Plaintiffs do not object to the downward adjustment of the hourly fee rates of the other attorney and paralegal who worked on the instant case. (*See generally* Objections.)

6

pay.  *Id*. at 184.

Mr. Schreiber has brought numerous ERISA default judgment cases in this district, almost identical to the instant case and, as Mr. Schreiber points out, the plaintiffs have been his clients for 24 years.  (Objections at 3.)  Considering Mr. Schreiber's 40 years of experience as an attorney and his ERISA expertise, district courts in the Eastern District of New York have consistently determined that the rate of $275 per hour for Mr. Schriber's time in ERISA default judgment cases is reasonable.  *See, e.g., Labarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387(SJ)(JMA), 2009 WL 240521, at *1, 5 (E.D.N.Y. Feb. 2, 2009) (adopting Magistrate Judge's recommendation reducing Mr. Schreiber's rate from $300 per hour to $275 per hour in similar ERISA default judgment case); *LaBarbera v. D & R Materials Inc*., 588 F. Supp. 2d 342, 347-348 (E.D.N.Y. 2008) (same); *Almar Plumbing & Heating Corp*., 2008 WL 3887601, at *2-3 (same); *LaBarbera v. J & A Concrete Corp*., No. 07-CV-1731 (DLI)(JO), 2008 WL 918244, at *2-3 (E.D.N.Y. Apr. 1, 2008) (rejecting Magistrate Judge's recommendation reducing Mr. Schreiber's rate to $210 per hour and increasing rate to $275 per hour in similar ERISA default judgment case).  Based on the foregoing considerations, the Report and Recommendation is modified to the extent that Mr. Schreiber is granted an hourly fee of $275.

**2. Reduction of Hours Billed**

Plaintiffs also object to the 40 percent across-the-board reduction in the number of hours billed by the plaintiffs' attorneys. (Objections at 4.) The Report and Recommendation found that the 37 hours expended in this case were "excessive, redundant or otherwise unnecessary," given that much of the billing did not relate to the litigation of claims before this court, and plaintiffs' attorneys billed 15 hours <u>after</u> filing the default motion. (Report and Recommendation at 11, 15) (emphasis added.) For the reasons provided in the Report and Recommendation, in addition to the fact that plaintiffs' default motion was unopposed, that there were no novel or complex issues in this case, and that Mr. Schreiber has dealt with numerous ERISA default judgment cases of this variety, the court agrees with that the 37 hours expended were excessive, redundant or otherwise unnecessary, and adopts the recommended 40 percent across-the-board reduction of hours billed. *See, e.g.*, *D & R Materials Inc.*, 588 F. Supp. 2d at 349-350 (adopting Magistrate Judge's recommended 45% reduction of hours billed where "plaintiffs' lead counsel, Avram Schreiber, has represented the trustees of the Funds in dozens of cases in this district, dating back as far as 2002, many or most of which involve default judgments and are largely indistinguishable from the present case"); *Almar Plumbing & Heating Corp.*, 2008 WL 3887601, at *1, 8

(adopting Magistrate Judge's recommended 60% reduction of hours billed where the litigation was "one of many pending ERISA cases in this district brought by Schreiber" who was "obviously well-versed in ERISA law" and finding "routine tasks such as reviewing the CBA or drafting a relatively straightforward default judgment motion should not consume over fifteen hours of attorney time.") Plaintiffs' argument that the hours "reflect efforts to recover the contributions and late charges" does nothing to change this conclusion. (Objections at 4.)

### D. Disallowance of Certain Costs

Finally, plaintiffs object to the Report and Recommendation's finding that they are only entitled to reimbursement for $350.00 in costs for purchase of the index number. (Objections at 4.) As pointed out in the Report and Recommendation, plaintiffs have failed to specify the costs to which they believe they are entitled or to provide documented proof that these expenses were necessary to the litigation or were, in fact, incurred. (Report and Recommendation at 17.) Thus, in the absence of any documentation proving the costs sought to be recovered, the court agrees that plaintiffs are not entitled to an award for costs allegedly associated with service of process, postage fees and copies.

### CONCLUSION

For the reasons set forth above, Magistrate Judge

Orenstein's Report and Recommendation is adopted in all respects except to the extent that Mr. Schreiber's fee rate is modified to $275 per hour, increasing the adjusted fee for his work to $1,254.00, and the total reimbursement for all attorney's fees to $2,775.00. Accordingly, the Clerk of the Court is respectfully directed to enter a judgment awarding the plaintiffs judgment on their first two causes of action in the total amount of $6,913.83, to dismiss plaintiffs' remaining causes of action, including plaintiffs' request for an injunction, and to close the case. The plaintiffs are directed to serve a copy of this Memorandum and Order on defendant and to file a declaration of service no later than March 17, 2010.

**SO ORDERED.**

Dated:   March 15, 2010
         Brooklyn, New York

                                        _____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge